UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAWN JUSTIN CARR,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN GAY,<br><br>    Respondent. | Case No. C07-5250FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:<br>NOVEMBER 30, 2007** |

  This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Having reviewed the petition, the answer, and the reply along with the remainder of the record, the court concludes this petition is time barred and petitioner does not show he is entitled to equitable tolling.  The petition should be **DISMISSED AS TIME BARRED**.

FACTS

  Petitioner pled guilty to one count of first degree robbery using a firearm (Dkt. # 18, Exhibit 1).  On March 9, 2005, the Pierce County Superior Court sentenced him to 121 months in custody

REPORT AND RECOMMENDATION- 1

plus 24 to 48 months of community custody. Mr. Carr did not file a direct appeal. On June 15, 2005, the Superior Court corrected the sentence as the term of community custody was too long. The new length of community custody is from 18 to 36 months (Dkt. # 18, Exhibit 4).

Petitioner did not appeal the conviction or sentence. Petitioner filed a Personal Restraint Petition on January 25, 2006, (Dkt. # 18, Exhibit 3). The Washington State Court of Appeals dismissed the petition. Petitioner sought review with the State Supreme Court. Review was denied January 29, 2007, (Dkt. # 18, Exhibit 8). Petitioner signed his federal habeas corpus petition on June 11, 2007 (Dkt. # 1).

## EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. <u>Engle v. Isaac</u>, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus

REPORT AND RECOMMENDATION- 2

relief does not lie for errors of state law. <u>Lewis v. Jeffers</u>, 497 U.S. 764 (1990); <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984); <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

<u>One Year Statute of Limitations</u>.

A one year statute of limitations was imposed under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's sentence became final when the time for seeking direct review expired. He was sentenced on March 9, 2005, (Dkt. # 18, Exhibit1). The sentence became final 30 days later on April 8, 2005. The one year statute of limitations ran until January 25, 2006 when petitioner filed his

REPORT AND RECOMMENDATION- 3

Personal Restraint Petition (Dkt. # 18, Exhibit 3). 292 days of the one year time frame had run, leaving 73 days remaining. The time commenced running on January 29, 2007 when review was denied (Dkt. # 18, Exhibit 8). The remaining 73 days elapsed and the one year time frame expired on April 12, 2007. This petition was not signed until June 11, 2007 and is time barred by 60 days.

Petitioner urges the court to consider granting equitable tolling. Petitioner argues his transfer to a private prison out of state and the difficulties he has had in accessing the law library at that facility impeded his filing. His own affidavit shows the transfer and the time his legal material was in storage was in 2005, prior to the filing of his Personal Restraint Petition (Dkt. # 19, Exhibit 1, pages 1 and 2). Petitioner fails to show his transfer, the shipment of his legal documents, or the adequacy of the law library at the private facility played any part in his failing to meet the deadline in this case.

Equitable tolling is available only if extraordinary circumstances beyond a prisoner's control make it impossible to timely file. Miles v. Prunty, 187 F3d. 1104 (9th Cir. 1999). Petitioner fails to meet that high burden and this petition is time barred.

## CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE**. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 30, 2007**, as noted in the caption.

Dated this 8 day of November, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4